## The East Ninth Euclid Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 32227.   Promulgated May 10, 1932.

*Oscar I. Koke, C. P. A.,* for the petitioner.
*J. R. Johnston, Esq.,* for the respondent.

34

OPINION.

VAN FOSSAN: For the purposes of financing obligations assumed under a 99-year lease on a certain building purchased by petitioner and making alterations therein, the petitioner issued as of February 1, 1919, first mortgage bonds maturing in five years in the amount of $250,000, and as of January 15, 1919, second mortgage bonds of 2-year life in the amount of $150,000. These bonds were sold at an aggregate discount of $50,400. In 1920 petitioner issued first mortgage bonds aggregating $525,000, a certain number maturing annually from 1922 to 1932, inclusive. These bonds were sold and with part of the proceeds petitioner retired the five-year bonds. In 1923 petitioner sold the leasehold. In computing gain or loss on such sale petitioner treated the item of bond discount as part of the cost of the property sold. Respondent disallowed the same as such and found the deficiency in question. In the alternative, petitioner contends that, if the bond discount be not part of the cost of the property sold, the unrecovered cost of the first bond issues should be considered as cost of the new bond issue and spread over the life of the new bonds.

Bond discount is a cost of acquiring capital and he who incurs such cost is entitled to recover it by deductions from income. The Board, supported by the courts, has held that normally such recovery should be prorated over the life of the bonds. See *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; *U. S. Playing Card Co.*, 15 B. T. A. 975; *Julia Stow Lovejoy*, 18 B. T. A. 1179; *Western Maryland Railroad Co.* v. *Commissioner*, 33 Fed. (2d) 895. Moreover, we have held that on sale of the property the unrecovered cost of financing is not to be added to the cost of property sold to determine gain or loss, but may be charged off and deduction taken from gross income. *S. & L. Building Corporation*, 19 B. T. A. 788. These decisions dispose of petitioner's first contention.

Consideration of the second contention requires an examination of the facts. From the supplemental proof offered in the case it is clear that the original stipulation was both incomplete and inaccurate. The statement found in numbered paragraph 6 that "the petitioner arranged for replacement of the short-term bonds with twelve-year first mortgage 7 per cent bonds to be issued February 1, 1920" is inaccurate in its description of the new bonds and misleading in the inference from the suggestion that there was a replacement of the short-term bonds. The new bonds were of varying maturities from two to twelve years. There was no replacement in the sense of an exchange of new bonds for old. The new bonds were sold on the market and part of the proceeds used to retire the original first mortgage issue of $250,000 five-year bonds. The failure

of the circular, Exhibit F, to refer to the second mortgage bonds or to suggest their retirement leaves doubt in our mind as to whether the statement in paragraph 7 of the original stipulation is accurate when it refers to "incidental retirement in said year 1920 of the short-term bonds hereinbefore referred to." Petitioner has left to inference or conjecture the facts as to the retirement of the second mortgage bonds.

However, the supplemental proof makes the situation entirely clear in some respects. The short-term bonds issued in 1919 were paid off and retired in 1920. There was no exchange of bonds or substitution of the new issue for the old. The holders of the two sets of bonds were obviously not the same persons. Cf. *Pig & Whistle Co.*, 9 B. T. A. 668.

The legal consequence of these facts is that petitioner may not claim any deduction in 1923. It was entitled to recover the unrecouped bond discount, if at all, in 1920, when the bonds were called before maturity and retired. The bond issue of which they were a part was wiped out and wholly ceased to exist at that time. By the demise of the parent bond issue to which it was attached, the unrecovered bond discount became an orphan. Thereafter, there was no parent to which it might naturally adhere. It is thus necessary to deny both of petitioner's contentions. The respondent's action is approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*